IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOSE LUIS RAMERIZ,

     Plaintiff,

v.                          C.A. No.:   5:19-cv-150

BLUEBONNET LEASE SERVICES & TRANSPORT, LLC,
BLUEBONNET WELL SERVICES, LLC;
DAVID L. GARZA; and, ABEL TIJERINA,

     Defendants.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JOSE LUIS RAMERIZ (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, BLUEBONNET LEASE SERVICES & TRANSPORT, LLC, BLUEBONNET WELL SERVICES, LLC, DAVID L. GARZA and ABEL TIJERINA (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

## **INTRODUCTION**

1.    This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and reasonable attorney's fees and costs.

## JURISDICTION

2.      This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, BLUEBONNET LEASE SERVICES & TRANSPORT, LLC, and BLUEBONNET WELL SERVICES, LLC, have offices Dimmit County, Texas.

## THE PARTIES

4.      Plaintiff is an individual residing in Dimmit County, Texas.

5.      Plaintiff, JOSE LUIS RAMERIZ, was employed by Defendant, BLUEBONNET LEASE SERVICES & TRANSPORT, LLC, from March of 2017, to approximately August of 2018, a "Driver" at the rate of $20.00 per hour.

6.      Plaintiff, JOSE LUIS RAMERIZ, was employed by Defendant, BLUEBONNET WELL SERVICES, LLC, from approximately August of 2018 through December 18, 2018, a "Driver" at the rate of $20.00 per hour.

7.      Defendant, BLUEBONNET LEASE SERVICES & TRANSPORT, LLC, is a limited liability company existing under the laws of the State of Texas and maintains offices in Dimmit County, Texas.

8.      Defendant, BLUEBONNET WELL SERVICES, LLC, is a limited

liability company existing under the laws of the State of Texas and maintains offices in Dimmit County, Texas.

9.    Defendant, BLUEBONNET LEASE SERVICES & TRANSPORT, LLC, operates a business that primarily provides oilfield services to the oil and gas industry, and is an employer as defined by 29 U.S.C. § 203(d).

10.    Defendant, BLUEBONNET WELL SERVICES, LLC, operates a business that primarily provides oilfield services to the oil and gas industry, and is an employer as defined by 29 U.S.C. § 203(d).

11.    Defendant, BLUEBONNET LEASE SERVICES & TRANSPORT, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12.    Defendant, BLUEBONNET WELL SERVICES, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

13.    At all times material to this complaint, Defendant, BLUEBONNET LEASE SERVICES & TRANSPORT, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

14.    At all times material to this complaint, Defendant, BLUEBONNET WELL SERVICES, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

15.    At all times material to this complaint, Defendant, BLUEBONNET LEASE SERVICES & TRANSPORT, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

16.    At all times material to this complaint, Defendant, BLUEBONNET WELL SERVICES, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

17.    Defendants, DAVID L. GARZA and ABEL TIJERINA, are individuals residing in Dimmit County, Texas.

18.    Defendants, DAVID L. GARZA and ABEL TIJERINA, were at all times relevant to this matter a managing member and directors of Defendants, BLUEBONNET LEASE SERVICES & TRANSPORT, LLC, and acted directly or indirectly in the interest of Defendant, BLUEBONNET LEASE SERVICES & TRANSPORT, LLC, in relationship to Plaintiff; therefore, are joint employers as defined by 29 U.S.C. § 203(d).

19.    Defendants, DAVID L. GARZA and ABEL TIJERINA, were at all times relevant to this matter a managing member and directors of Defendants, BLUEBONNET WELL SERVICES, LLC, and acted directly or indirectly in the interest of Defendant, BLUEBONNET WELL SERVICES, in relationship to

Plaintiff; therefore, are joint employers as defined by 29 U.S.C. § 203(d).

20.    Defendant, DAVID L. GARZA and ABEL TIJERINA, jointly and severally, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

21.    At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

22.    Additionally, Plaintiff individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendant's business activities.    Specifically, Plaintiff performed work relating to the handling and movement of goods and products for interstate commerce.

23.    Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

24.    Specifically, Plaintiff was not paid at all for his compensable drive time and was not paid an additional half-time premium for his overtime work for which he was paid his regular hourly rate.

25.    The work schedules for the Plaintiff required him to work overtime

during numerous workweeks.   The time sheets reflecting the number of hours Plaintiff worked each workweek, including overtime hours, Plaintiff are in the possession, custody and control of the Defendants.

26.    Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

27.    Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

28.    The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

29.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

30.    Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, JOSE LUIS RAMERIZ, demands Judgment against Defendants, jointly and severally, for the following:

a.    Awarding Plaintiff his compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b.    Awarding Plaintiff liquidated damages as provided under the FLSA;

c.    Awarding Plaintiff his pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

d.    Awarding Plaintiff statutory penalties as provided by law;

e.    Awarding Plaintiff such other and further relief as the Court deems just and proper.


## JURY TRIAL DEMAND

Plaintiff, JOSE LUIS RAMERIZ, demands a jury trial on all issues so triable.

Respectfully submitted this February 18, 2019.

**ROSS LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com


_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**ATTORNEYS FOR PLAINTIFF**